**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

ROCKY CHIPPS,

    Plaintiff,

vs.                                    No. Civ.18-00459 WJ/SMV

CITY OF ROSWELL, a municipal corporation,
OFFICER ALBERTO ALBO, in his Individual Capacity
And as an employee of the Roswell Police Department,
JOHN DOES I-IV, in their individual capacity and
As employees of the Roswell Police Department,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT CITY OF ROSWELL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

THIS MATTER comes before the Court upon a Motion to Dismiss Plaintiff's Complaint, filed May 24, 2018 by Defendant City of Roswell ("Defendant" or "City"). **(Doc. 6)**. Having reviewed the parties' briefs and the applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is denied.

### BACKGROUND

Plaintiff is suing the City of Roswell and Defendant officers, employed by the City of Roswell as law enforcement officers, for violation of his federal civil rights based on an incident that occurred on or about April 6, 2015. According to the complaint, early in the morning on that day, Defendant Alba attempted to initiate a traffic stop of a vehicle which he observed traveling southbound on South Kansas Street in Roswell, New Mexico. Defendant Alba lost sight of the vehicle and drove around the area for several blocks in an attempt to locate it. He observed two

men walking in an area more than two blocks away from where he had last seen the vehicle, and approached one of the men, who is the Plaintiff in this case. The complaint alleges that:

- Defendant Alba did not have reasonable suspicion or probable cause to believe that Plaintiff had committed, or was about to commit, a crime;

- Defendant Alba unnecessarily deployed a taser against Plaintiff, and while Plaintiff was on the ground, jumped on top of Plaintiff and struck Plaintiff in the face several times;

- Defendant Alba made false statements in his report; and that

- Defendant Alba did not have lawful authority to seize, search, arrest, use force against or falsely imprison Plaintiff.

Plaintiff filed the complaint on April 4, 2018 in the County of Chaves, Fifth Judicial District Court. Defendants removed the case to federal court on May 16, 2018 under this Court's original jurisdiction over Plaintiffs' federal claims. The complaint alleges three counts:

Count 1: Fourth Amendment claim for excessive force and illegal seizure against all Defendant officers;
Count 2: Negligent Hiring, Training, Supervision and Retention as to Defendant City of Roswell; and
Count 3: Fourth Amendment Violation for Malicious Prosecution.

**DISCUSSION**

Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("*Iqbal*"). As such, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"). All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014). In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific

2

factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly,* 550 U.S. at 555.

The Tenth Circuit holds that "[c]ontext matters in notice pleading. *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (internal quotation marks omitted) ("the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context").

Defendant contends that Plaintiff's federal claims should be dismissed against the City because Plaintiff has not adequately stated sufficient facts to allege a municipal liability claim under the *Iqbal/Twombly* standard.

The Court agrees with Defendant that the City cannot be liable under a vicarious liability theory or where based solely on supervisor status. *See Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) (there is no *respondeat superior* liability under §1983); *Mitchell v. Maynard*, 80 F.3d 1433 (10th Cir. 1996) (supervisor status by itself is insufficient to support liability under §1983). Rather, when suing a governmental entity such as the City of Roswell, a plaintiff must demonstrate that an official policy or custom of the City was the "moving force" behind the alleged constitutional deprivation. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).

Defendant relies on one paragraph in the complaint to argue that Plaintiff's allegations are insufficient to support a *Monell* claim:

> Defendant City of Roswell's negligence includes but is not limited to inadequate screening of Officer Alba for the position of law enforcement officer, inadequate management, inadequate training and enforcement of policies regarding citizen encounters, inadequate training and enforcement of policies regarding enforcement of traffic violations, inadequate training regarding police work, inadequate training regarding knowledge of the law and its enforcement,

3

> placement or retention of Officer Alba in direct contact with the community and citizens, and inadequate supervision of Officer Alba.

Compl., ¶58 (Count 2, Negligent Hiring, Training, Supervision and Retention). However, Defendant ignores other paragraphs describing the manner in which the City allegedly failed to provide adequate training and supervision with respect to:

- screening and background checks (¶41);
- management and training for citizen encounters and arrest of citizens (¶42);
- management and training regarding deployment of a taser and the constitutional standards underlying use of tasers (¶¶43 &44); and
- supervision of Defendant Alba.

While the complaint does not specifically state that the City's policy was a "moving force" behind the alleged constitutional deprivation, the above allegations do assert that the policy caused Plaintiff's alleged injuries. ¶59.

Defendant contends that the complaint is insufficient because it does not state facts which show that "these alleged 'deficiencies' actually exist" or that such deficiencies reflect deliberate indifference on the part of the City. Doc. 12 at 2, 3. Defendant's contentions are misplaced within the context of a motion to dismiss. First, Plaintiff *does* allege that Defendant's conduct was deliberately indifferent within the context of each count, including Count 2 which asserts a municipal liability claim. *See Graves v. Thomas,* 450 F.3d 450 F.3d 1215, 1218 (plaintiff alleging that municipality failed to train officers adequately must show that inaction was result of deliberate indifference). Second, to be sure, Plaintiff will eventually have to prove that the alleged deficiencies actually exist, whether in response to a summary judgment motion or at trial. *Id.* at 1221 (setting out requirements for *Monell* claim). In a motion to dismiss, however, a plaintiff's complaint must meet the requirements set forth under the *Iqbal/Twombly* standard, and this Plaintiff has done. The complaint contains a degree of specificity to establish a plausible §1983 claim against the City for negligent hiring, training, supervision and retention.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint **(Doc. 6)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE